UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 8445 |
| | ) | |
| v. | ) | |
| | ) | |
| JASON EPSTEIN | ) | |
| | ) | |
| Defendant(s). | | |

## MOTION TO SET ASIDE TECHNICAL DEFAULT

Now Comes Defendant pursuant to FRCP 55(c) and moves this Honorable Court to set aside technical default. In support thereof states as follows:

Defendant supplied waiver to service and appeared in the matter. On February 8th, 2016 the clerk entered a technical default for failure to answer or otherwise plead pursuant to FRCP 55(a).

Defendant and counsel for plaintiff have been in communication regarding the instant matter. Defendant requested more time to file his answer or otherwise plead informally. (Ex. 1) Plaintiff was unable to

accomodate said request and requested the clerk to enter default in the above enititled matter which the clerk did on February 8th, 2016.

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Reversal of a district courts decision as to vacating a default occurs only in instances of abuse of discretion.  *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir.2007).

A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Id. (citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994)); see also Fed.R.Civ.P. 55(c). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). Our cases articulate a policy of favoring trial on the merits over default judgment. *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984) (collecting cases)).

Defendant wishes to examine the complaint and the attachments. On first review the documents do not appear familiar and defendant has no independent recollection of them. Additionally it appears some of the pages of the attachments are missing. Absent complete documentation defendant will move to dismiss or raise affirmative defenses.

Defendant is not by any means seeking to avoid the suit or even ignore it. Defendant has been in constant contact with counsel for plaintiff since learning of the suit. As a matter of a conglomeration of deadlines such time to respond accordingly has been fleeting. Default was entered February 8th, 2015. In a little over two weeks defendant filed the instant motion to set aside. Such can be characterized as quick action to resolve the default. Also in this two week period since technical default was entered plaintiff has moved for default judgement.

The reason the technical default took place was partially explained to plaintiff. (Ex. 1) However the full extent was not conveyed. Currently counsel has five appeals pending with four of them currently or nearly due in the Seventh Circuit and Illinois appellate court. Two in the 7th Circuit, *US v. Dillard*, 15-3343 and *US v. Crawford* 15-2398 one in the Third

District, *Fifth Third Bank v. Adams* 3-15-0769 and two in the First District Illinois appellate court, *People v. Rudell* 15 - 2772; and *Clarett v. Clarett*, 15-2274. These massive black holes of time consumption are saddled with a regular trial schedule. Due February 25th, 2016 is a motion to dismiss a threat to a public official based on First Amendment grounds in *People v. McKinney* 14 CR 20923; also taking place on February 25th, 2016 are arguments in a motion to reconsider a motion to quash arrest in a habitual offender matter in *People v. Collazo* 14 CR-11170.

The lessor which defendant was leasing from lost his lease with no proper notice forthcoming. Initially the out date was February 12th, 2016. So alternate office arrangements were priority. However additional time has been obtained but not much.

Jury trial was set for February 8th, 2016, three days before the previous out date from defendants office and about the same time which counsel for plaintiff was expecting an answer or other pleadings in this matter. Given the office situation and the jury defendant informally requested more time from counsel for plaintiff. The jury did not go as the matter was resolved on the eve of trial and a short extension of time was

obtained as to defendants office.

Due to the many and serious 'distractions' defendant was unable to file a response as intended to the complaint filed by plaintiff. Such lack of filing was inadvertent and not intentional. At all times communications were maintained in a spirit of good faith and non-dilatory process.

WHEREFORE Defendant moves this Honorable Court to set aside the technical default of the clerk and allow defendant time answer or otherwise plead to the complaint filed against him.

/s/ Jason R. Epstein
Jason R. Epstein
Law Offices of Jason R. Epstein
55 E. Jackson Ste. 1050
Chicago, IL 60604
(312) 869-2603
Krime@KriminalDefense.com
Counsel for Plaintiff